## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF MISSOURI
## ST. JOSEPH DIVISION

| | |
|---|---|
| EMPLOYERS MUTUAL CASUALTY CO., | )<br>)<br>) |
| Plaintiff, | )<br>) Case No. 06-6023-CV-SJ-NKL |
| v. | )<br>) |
| NORTHWEST MISSOURI MASONRY et al., | )<br>) |
| Defendants. | ) |

## ORDER

On February 20, 2008, the Court granted summary judgment in favor of Defendant MW Builders, Inc. ("MW Builders"). MW Builder's now seeks attorney's fees [Doc. # 89] claiming that Plaintiff Employers Mutual Casualty Co.'s (EMC) refusal to defend was vexatious and without reasonable cause, and was also clearly baseless under existing case law. The Court denies the motion. EMC's motion for leave to file sur-reply [Doc. # 94] is denied as MOOT.

### I. Missouri Vexatious Refusal to Pay

First, MW Builders brings its claims for attorney's fees under §§ 375.296 and 375.420, RSMo, the Missouri Vexatious Refusal to Pay statute. That statute, however, is a cause of action specifically for "vexatious refusal to pay" and attorney's fees are awarded as a result of that vexatious conduct. *See Hoeflicker v. Cent. States, Se. & Sw. Areas Health & Welfare Fund*, 644 F. Supp. 195, 199 (W.D. Mo. 1986) (stating that §§ 375.295 and 375.420,

1

RSMo, is a cause of action). As such, MW Builders was required to plead its vexatious refusal claim as part of its counterclaim. *See State Auto Prop. & Cas. Ins. Co. v. Loehr*, No. 06-1427, 2007 WL 2767340, at *2 (E.D. Mo. Sept. 19, 2007) (explaining that in order to state a claim for vexatious refusal, insured's "counterclaim must plead facts which, if proven, would show" that insured satisfies the required elements); *Creative Walking, Inc. v. Am. States Ins. Co.*, 25 S.W.3d 682, 687 (Mo. App. 2000) (holding that appellant should have brought vexatious refusal claim "as defenses to American States' action or as counterclaims" in the federal court declaratory judgment action, and was subsequently barred by res judicata in a state court action).

MW Builders admits that this is the first time it has raised a vexatious refusal to pay claim. However, MW Builders contends that EMC was put on notice of the facts constituting vexatious refusal to pay in its complaint. However, that is not the appropriate analysis. Notice pleading requires that the complaint "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957), *abrogated on other grounds*, *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955 (2007). But MW Builders only counterclaimed against EMC for declaratory relief (Count I) and breach of contract (Count II). This was insufficient to put EMC on notice that it was also seeking a cause of action for vexatious refusal to pay, which contains its own elements on which MW Builders carries the burden of proof; it is not just a provision for attorney's fees. *See Hensley v. Shelter Mut. Ins. Co.*, 210 S.W.3d 455, 464 (Mo. App. 2007) (stating elements).

The Court granted summary judgment to MW Builders on its breach of contract claim,

2

which required MW Builders to prove different elements than a vexatious refusal to pay claim. *See* Slip op. at 7-10. It would be inappropriate, based on that ruling, to assume that EMC had no "reasonable cause or excuse," without requiring MW Builders to meet its burden and without allowing EMC the opportunity to establish a record and facts to the contrary. For these reasons, MW Builders' motion for attorney's fees under Missouri's vexatious refusal to pay statute must be denied.

## II.     Attorney's Fees for Declaratory Judgment Action

MW Builders also seems to argue that it may seek attorney's fees under one of Missouri's three narrow exceptions to the American Rule: "[W]hen the declaratory-judgment plaintiff's claim is clearly baseless under published case law." *See Am. Home Assurance Co. v. Pope*, 487 F.3d 590, 606 (8th Cir. 2007) (noting Missouri's exceptions). In addressing an analogous situation under 42 U.S.C. § 1988, this Court has noted that "the Eighth Circuit admonished district courts to 'resist the understandable temptation to engage in *post hoc* reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation.'" *Taylor P. ex rel. Chris P. v. Mo. Dep't of Elementary & Secondary Educ.*, No. 06-4254, 2007 WL 2907825, at *40 (W.D. Mo. Oct. 3, 2007) (quoting *Dillon v. Brown County, Neb.*, 380 F.3d 360, 365 (8th Cir. 2004)). An award of attorney's fees is discretionary. *See Liebelt v. Commerce Bank of Springfield*, 703 S.W.2d 77, 78 (Mo. App. 1985).

The Court finds that although EMC did not prevail, its arguments were not so baseless as to justify an award of attorney's fees. As the Court's February 20, 2008, Order indicates,

EMC's unilateral contract argument failed because of the Court's interpretation of the language of the reservation of rights letter, which was then applied to the case law. Further, case law would not have necessarily prevented EMC from prevailing on its cancellation argument, had it been able to provide evidence that it "endeavored" to provide written notice to MW Builders. EMC was even able to point to some case law for support of its positions, although the Court ultimately determined those cases were not dispositive. Moreover, the finding that the contract was ambiguous was not a forgone conclusion.

For these reasons, the Court holds that EMC's declaratory judgment suit was not entirely baseless and declines to exercise its discretion in awarding attorney's fees.

### III. Conclusion

Accordingly, it is hereby

ORDERED that Defendant MW Builders, Inc's Motion for Attorneys Fees [Doc. # 89] is DENIED. It is further

ORDERED that Employers Mutual Casualty Co.'s Motion for Leave to File It's Sur-Reply to Defendant MW Builders, Inc's Motion for Attorneys' Fees [Doc. # 94] is DENIED AS MOOT.

s/ Nanette K. Laughrey
NANETTE K. LAUGHREY
United States District Judge

Dated: April 17, 2008
Jefferson City, Missouri